IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION



FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 8:51 am, Dec 03, 2020*

| | |
|---|---|
| DAVID BRONER, | |
| Plaintiff, | CIVIL ACTION NO.: 5:19-cv-111 |
| v. | |
| TYRELL TODMAN; CERT OFFICER TAYLOR; and JEFF COLEMAN, in their individual and official capacities, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's official capacity claims for monetary damages against all Defendants;

2. Plaintiff's deprivation of property claim against Defendants Todman and Taylor; and

3. Plaintiff's Eighth Amendment claim against Defendant Coleman.

However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's procedural due process claim against Defendant Coleman.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action under § 1983, alleging violations of his constitutional rights. First, Plaintiff complains Defendants Todman and Taylor confiscated his property—a tablet, headphones, prayer rugs, thermals, cups, food, and trial transcripts—when transporting him to segregation. Doc. 1 at 5. After filing grievances related to the property, prison officials informed Plaintiff he would receive $500 in compensation. Id. To date, and after numerous inquiries, however, Plaintiff has not received compensation for his property. Id. at 6–7. Plaintiff now sues Defendants Todman and Taylor in their individual and official capacities for restitution to compensate for the $500 in property he alleges they took. Id. at 7, 11.

Additionally, Plaintiff sues based on his placement in Tier II administrative segregation. Id. at 7. Plaintiff alleges his due process rights were violated because he was placed in Tier II based on "unreviewed incident reports." Id. According to Plaintiff, such a practice allowed the prison to place him in Tier II segregation without proving he is guilty of the alleged disciplinary charges. Id. Plaintiff was never "formally charged" with a disciplinary violation, he was never found guilty of any disciplinary offense, and he did not receive an administrative segregation hearing within 96 hours. Id. Plaintiff avers he is entitled to "minimum due process safeguards" before being assigned to Tier II segregation. Id. at 7–8. Defendant Coleman, the Ware State Prison Warden, approved the recommendation assigning Plaintiff to Tier II administrative

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

segregation, even though Plaintiff was not afforded minimum due process, resulting in the violation of his rights. Id. at 9.

Plaintiff also claims the assignment to Tier II administrative segregation violates his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 9–10. Plaintiff's placement in Tier II included 399 days of solitary confinement, restrictions on phone use, store access, visitation, yard time, packages, personal property, and showers, resulting in an atypical hardship on Plaintiff in relation to normal prison life. Id. at 10. Plaintiff brings this claim against Defendant Coleman because he approved the recommendation to place Plaintiff in Tier II. Id. at 10. Plaintiff sues Defendant Coleman in his individual and official capacities, seeking injunctive relief and monetary damages. Id. at 14.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  <u>Twombly</u>, 550 U.S. at 555.

## DISCUSSION

### I.     Official Capacity Claims

Plaintiff is suing Defendants in their official capacities for monetary damages.  Doc. 1 at 2.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  <u>Alden v. Maine</u>, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  <u>Id.</u> at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections.  The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

II.     **Plaintiff's Deprivation of Property Claims**

Plaintiff contends Defendants Todman and Taylor improperly confiscated his personal property in violation of prison standard operating procedures by, among other things, failing to adequately record his property on inventory sheets. Doc. 1 at 6–7. Plaintiff contends this unauthorized deprivation or property, conducted in violation of governing procedures, has resulted in the denial of his claims for reimbursement for the missing property. Id. Plaintiff's claim implicates his right to procedural due process. A § 1983 action alleging a procedural due process clause violation requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). As to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." Cryder, 24 F.3d at 177.

Moreover, determining whether due process is satisfied requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 178 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). However, even if a state actor has continued to wrongfully retain a person's personal property, "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)). "[T]he state's action is not complete until and unless it provides or

5

refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Georgia law provides a postdeprivation remedy through an action for conversion of personal property, which "is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." Case, 555 F.3d at 1331. Plaintiff's property confiscation claim arises under O.C.G.A. § 51-10-1. Lindsey, 936 F.2d at 561. This statute provides that "[t]he owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies." O.C.G.A. § 51-10-1. The Eleventh Circuit Court of Appeals has noted, "This statutory provision covers the unauthorized seizure of personal property by police officers. Therefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." Lindsey, 936 F.2d at 561 (quoting Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987)); see also Allen v. Peal, No. CV 312-007, 2012 WL 2872638, at *2–3 (S.D. Ga. June 18, 2012) (dismissing a due process claim for lost or seized personal property because O.C.G.A. § 51-10-1 provides an adequate post-deprivation remedy).

Consequently, Plaintiff's claim regarding the alleged confiscation or deprivation of his property comprise a matter for determination by the courts of the State of Georgia. Therefore, Plaintiff may not present his claims to this Court under § 1983. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's deprivation of property claims.

### III.   Eighth Amendment Claim

Plaintiff alleges his placement in Tier II administrative segregation amounts to a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Doc. 1 at 9–10. The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to

"ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349, 101 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347.

Even accepting Plaintiff's assertions as true, they do not plausibly state an Eighth Amendment claim. Plaintiff contends he was placed in solitary confinement for a total of 399 days, had restrictions placed on several activities such as phone usage and visitation, and was required to be shackled when moving about the prison. Doc. 1 at 10. The conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." Sheley v. Dugger, 833 F.2d 1420, 1428–29 (11th Cir. 1987); see also Gholston v. Humphrey, No. 5:12-CV-97, 2014 WL 4976248, at *3 (M.D. Ga. Oct. 3, 2014) (dismissing prisoner's claims that his transfer to SMU with more restrictive conditions without a "legitimate penological justification" amounts to an Eighth Amendment violation); Anthony v. Brown, No. CV 113-058, 2013 WL 3778360, at *2 (S.D. Ga. July 17, 2013) (dismissing on frivolity review Eighth Amendment claims based on conditions of confinement in crisis stabilization unit). Plaintiff does not allege a plausible claim that the conditions of confinement in the Tier II unit constitute a deprivation of "the minimal civilized measure of

7

life's necessities." Rhodes, 452 U.S. at 349.  Accordingly, I **RECOMMEND** the Court **DISMISS** his claim under the Eighth Amendment against Defendant Coleman.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's official capacity claims for monetary damages against all Defendants;

2. Plaintiff's deprivation of property claim against Defendants Todman and Taylor; and

3. Plaintiff's Eighth Amendment claim against Defendant Coleman.

However, I **FIND** one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's procedural due process claim against Defendant Coleman.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA